JEFFRY K. FINER
West 35 Main • Suite 300
Spokane, WA 99201
(509) 981-8960

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| **DARLENE KARU, a single person, and other similarly situated,** ) | **NO. 11-0111-TOR** |
| ) | |
| **Plaintiffs,** ) | **PLAINTIFF'S 2nd AMENDED** |
| **vs.** ) | **COMPLAINT FOR CIVIL RIGHTS** |
| ) | **DAMAGES** |
| **THE CITY OF SPOKANE, DETECTIVE** ) | |
| **KEVIN LANGFORD, LT. DAVID W.** ) | **with Demand for Jury Trial** |
| **RICHARDS,** ) | |
| ) | |
| **Defendants.** ) | |

## INTRODUCTION

This action seeks monetary damages against Defendant CITY OF

SPOKANE and several of its employees for violations of the Plaintiff's

civil rights guaranteed under the Fourteenth Amendment pursuant to 28

U.S.C. §§ 1983 and 1988.  The specific deprivation occurred when the

Defendant's sent a forfeiture notice to Plaintiff that she had *45 days from*

*seizure* to present their claims of ownership. The correct deadline is *45*

*days from receipt of the notice* of forfeiture. Plaintiff's timely claim was

rejected by the Defendants in a notice that did not comply with

SECOND AMENDED COMPLAINT • Page 1

Jeffry K Finer, PS
WEST 35 MAIN STREET, SUITE 300
SPOKANE, WA 99203 • 509 464-7611
EMAIL: JEFFRY@FINER-BERING.COM
LAW OFFICES OF

Washington State's procedures for final actions in administrative decisions.

## I. PARTIES

1.1    Plaintiff DARLENE KARU, is a resident of Spokane County, within the Eastern District of Washington. She is a real party in interest in this case.

1.2    Defendant CITY OF SPOKANE, is a municipality within the State of Washington whose policies resulted in Plaintiff's deprivation of her property rights.

1.3    Detective KEVIN LANGFORD, is believed to be a resident of Spokane County, and at all times material to this litigation has been employed by the City of Spokane. Defendant Langford is sued in his personal capacity.

1.4    Lt. DAVID RICHARDS, is believed to be a resident of Spokane County, and at all times material to this litigation has been employed by the City of Spokane. Defendant Richards is sued in his personal capacity.

## II. JURISDICTION AND VENUE

2.1    All acts complained of occurred in the Eastern District of Washington.

LAW OFFICES OF Jeffry K Finer, PS
WEST 35 MAIN STREET, SUITE 300
SPOKANE, WA 99203 • 509 464-7611
EMAIL: JEFFRY@FINER-BERING.COM

2.2    Venue is proper in the United States District Court for the Eastern District of Washington.

2.3    Jurisdiction is proper in the United States District Court pursuant to Title 42, United States Code § 1988; Title 28 USC § 1331; and 28 USC § 1343.

2.4    This court has personal and subject matter jurisdiction.

2.5    No answer has been filed in this matter.

### III. FACTS

3.1    On or about October 29, 2010, the Spokane Police Department seized from Darlene Karu's home, among other items, $5030.00 in cash.

3.2    On November 8, 2010, the Spokane Police Department sent by certified mail a "Notice of Seizure" to Plaintiff Darlene Karu. The Notice listed items that had been seized on October 29, 2010, and stated that these items had been seized pursuant to RCW 69.50.505.

3.3    RCW 69.50.505(5), as amended in Laws, 2009, ch. 364, § 1, states that:

> If any person notifies the seizing law enforcement agency in writing of the person's claim of ownership or right to posses-sion * * * *within forty-five days of the service of notice from the*

SECOND AMENDED COMPLAINT • Page 3

Jeffry K Finer, PS
LAW OFFICES OF
WEST 35 MAIN STREET, SUITE 300
SPOKANE, WA 99203 • 509 464-7611
EMAIL: JEFFRY@FINER-BERING.COM

*seizing agency* \* \* \* the person or persons shall be afforded a reasonable opportunity to be heard as to the claim or right.

[Emphasis supplied].

3.4    Nevertheless, the November, 2010, "Notice of Seizure" sent to Plaintiff Karu on behalf of the Chief of Police, stated that

All persons claiming any ownership or right to possession of said item/s as described above must on or before the expiration of 45 days *from date of seizure*, notify Lt. Richards, 1100 West Mallon Spokane, Washington 99260, in writing of their claim or right.

[Emphasis supplied].

3.5    On December 8, 2010, Plaintiff Karu retained counsel to assist her in presenting a notice of claim to the proper seizing authority for the return of her $5030.00.

3.6    On December 15, 2010, counsel timely mailed a "Notice of Claim", pursuant to the time limit set forth in RCW 69.50.505(5), stating that Ms. Karu had a property interest in the seized $5030.00.

3.7    The City of Spokane received the "Notice of Claim" within 45 days from the date of the service of the "Notice of Seizure" as specified in RCW 69.50.505(5), as amended in Laws 2009, ch. 364, § 1.

SECOND AMENDED COMPLAINT • Page 4

3.8    On December 21, 2010, the Spokane Police Department replied to Plaintiff Karu's "Notice of Claim" by sending a letter to her counsel with a copy of this notice sent to the City Attorney's office.

3.9    In Defendant Richards's reply, he stated that he had received Ms. Karu's "Notice of Claim" on December 16, 2010.

3.10    Defendant Richards stated in his reply that he previously had spoken with Plaintiff Karu and had given her "the information necessary for her to file a claim and the time limits that she had to be concerned with." It is believed that Richards affirmatively provided the wrong time limits when he communicated with Karu. It is believed and alleged that Richards similarly mis-informed others similarly situated with Karu and had, in fact, sent out hundreds of incorrect notices in the previous 18 months.

3.11    Defendant Richards further stated in his December 21, 2010 reply that:

> RCW 69.50.505 states that any claim of ownership must take place on or before the expiration of 45 days *from the date of seizure*. [Emphasis supplied]. The 45-day claim requirement in her case occurred on December 13, 2010. Therefore her claim was not timely as set forth by state law and the property is forfeited to the Spokane Police Department.

SECOND AMENDED COMPLAINT • Page 5

LAW OFFICES OF
Jeffry K Finer, PS
WEST 35 MAIN STREET, SUITE 300
SPOKANE, WA 99203 • 509 464-7611
EMAIL: JEFFRY@FINER-BERING.COM

The December 21, 2010, denial of Ms. Karu's claim did not state that there was any review or appeal process for Ms. Karu.

3.12   Neither the City Attorney nor Det. Langford corrected Lt. Richards's faulty notice, and neither corrected Richards's denial of her request for hearing, thereby allowing Lt. Richards to deny Plaintiff Karu's right to be heard.

3.13   Upon information and belief, and at all times material to this suit, it has been the City of Spokane's policy and practice that property seized pursuant to RCW 69.50.505 is forfeited if a claim of ownership is not made on or before the expiration of 45 days from the date of the property's *seizure*.

3.14   Ninety days have passed since the date that Plaintiff Karu timely served her claim. The City of Spokane, as the municipality in charge of the seizing agency, did not commence a hearing, nor given Plaintiff Karu any notice of her opportunity to be heard, notwithstanding her timely demand for a hearing.

3.15   Defendants' deprivation of Plaintiff Karu's right to be heard directly caused her to suffer economic losses including the value of the improperly forfeited property, as well as consequential losses incurred due to the Defendants' unlawful deprivation.

SECOND AMENDED COMPLAINT • Page 6

3.16   Defendants' unlawful deprivation of Plaintiff Karu's property rights and her right to be heard directly caused her anxiety and humiliation.

3.17   On June 27, 2011, counsel for Plaintiff reviewed several hundred forfeiture notices sent by the City of Spokane in which each notice incorrectly advised the property owner that they had *45 days from the date of seizure* to file a claim.

3.18   Presented with the fact of its error in Ms. Karu's case, the City nevertheless contends that it has no legal duty to return the funds claimed by Ms. Karu. The City persists in withholding the funds and has sought to bring the forfeiture before the City's Administrative Hearing Officer more than 90 days following the letter denying Ms. Karu a hearing.

3.19   The City's 20-month misuse of an incorrect deadline in its notices of intent to forfeit seized property is neither "random" nor "unauthorized."

3.20   The City's 20-month misuse of an incorrect deadline in its notice of intent to forfeit seized property was an established procedure and was done pursuant to City policy, custom, and practice.

3.21   By statute, the City retains a portion of the value of any items seized by its officers and, consequently, it benefits financially from giving

SECOND AMENDED COMPLAINT • Page 7

LAW OFFICES OF
Jeffry K Finer, PS
West 35 Main Street, Suite 300
Spokane, WA 99203 • 509 464-7611
email: jeffry@finer-bering.com

potential claimants misleading information regarding their rights to return of their property.

## IV. FEDERAL CLAIMS FOR RELIEF
### Violations of Title 42, United States Code § 1983 & 1985(3)

4.1     As set forth in Paragraphs 1.1 through 1.4 and 3.1 through 3.21 above, Defendants' conduct constitutes deprivation of federally protected rights under color of law, i.e., Plaintiff Karu's due process right to notice and a hearing on the proposed forfeiture of their property under RCW 69.50.050.

## V. DEMAND FOR JURY and
## PRAYER FOR RELIEF

Plaintiff respectfully demands a jury trial on all issues and that Plaintiffs be granted the following relief:

5.1     Award economic and non-economic damages against all Defendants in an amount to be proven at trial based upon the value of property seized and improperly forfeited by Defendants, and, against the Defendants in their individual capacities, such exemplary or punitive damages as provided by law;

5.2     Prejudgment and post-judgment interest as allowed by law;

5.3     Plaintiff's reasonable attorneys fees and costs, pursuant to 42 USC § 1988, or as otherwise provided by law; and

SECOND AMENDED COMPLAINT • Page 8

Jeffry K Finer, PS

WEST 35 MAIN STREET, SUITE 300
SPOKANE, WA 99203 • 509 464-7611
EMAIL: JEFFRY@FINER-BERING.COM
LAW OFFICES OF

1    5.4    For such other and further relief as the court deems just and

2    equitable.

3    DATED this 18th day of April, 2012.

4

5                                        Law Offices of JEFFRY K FINER

6                                        s/Jeffry K. Finer

7                                        JEFFRY K. FINER
                                         WSBA No. 14610
8                                        Attorney for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

SECOND AMENDED COMPLAINT • Page 9

Jeffry K Finer, PS

LAW OFFICES OF

WEST 35 MAIN STREET, SUITE 300
SPOKANE, WA 99203 • 509 464-7611
EMAIL: JEFFRY@FINER-BERING.COM